RYAN T. DUNN (SBN: 215383)
rdunn@dpllp.com
MATTHEW R. CODY (SBN: 267191)
mcody@dpllp.com
DUNN & PANAGOTACOS LLP
369 Pine Street, Suite 506
San Francisco, CA 94104
Telephone: (415) 982.2100
Facsimile: (415) 982.2119

Attorneys for Plaintiffs
REBECCA LEIMBACH, an individual, and
H.L., a minor by and through her guardian ad litem REBECCA LEIMBACH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| REBECCA LEIMBACH, an individual, and H.L., a minor by and through her guardian ad litem REBECCA LEIMBACH, | Case No. |
| Plaintiffs, | **PLAINTIFFS' COMPLAINT AND JURY DEMAND** |
| v. | |
| PAPER SOURCE, INC. and DOES 1-20, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff REBECCA LEIMBACH ( "Plaintiff" or "Mrs. Leimbach"), brings this complaint on her own behalf, and as guardian on behalf of her daughter, H.L., in the UNITED STATES DISTRICT COURT for the District of Oakland against PAPER SOURCE, INC. ("Paper Source") and DOES 1-20 (collectively Defendants") alleging as follows:

NATURE OF CASE

1. Mrs. Leimbach is a professional photographer, who owns and operates a website (www.rebeccaleimbach.com) dedicated to the promotion, purchase and furtherance of her photography. Mrs. Leimbach retains copyright to her photographs and owns all rights in

1     her photographic works, including the right to reproduce the works and to publicly

2     display and distribute said works.  Mrs. Leimbach is hereafter referred to as "Plaintiff".

2. Mrs. Leimbach's daughter, H.L., is a minor (also referred to as "Plaintiff's Daughter").

3. Paper Source owns and operates stationary stores throughout the United States, providing paper goods, as well as storage for photographs such as picture frames and picture albums.  Paper Source also operates and maintains a website through which it will advertise its products.  Paper Source uses photos in its picture frames and as banner ads on its website in order to promote and advertise its products.

4. Without permission, in order to promote and market its products, Paper Source copied, displayed and distributed one of Mrs. Leimbach's photographs ("Photograph") in its stationary stores and on its website at http://www.papersource.com.  The Photograph was a photo of Mrs. Leimbach's young daughter hugging the family's English Bulldog.

5. Upon discovery of Paper Source's unauthorized use, Mrs. Leimbach demanded that Paper Source remove the copyrighted work.

6. By this action, Mrs. Leimbach seeks compensatory, statutory and punitive damages for copyright infringement by Defendants.

THE PARTIES

7. Plaintiff Rebecca Leimbach is an individual and, at all times herein mentioned, a resident of the County of Contra Costa, State of California.

8. Plaintiff's daughter, H.L., is a minor and also a resident of the County of Contra Costa, State of California.

9. On information and belief, Defendant Paper Source is an Illinois Corporation, licensed to do business in California and operates a stationary store, providing paper goods, as well as storage for photographs such as picture frames and picture albums.  Defendant Paper Source operates shops in San Francisco, Contra Costa, Berkeley and Marin counties in the State of California.  Paper Source also operates and maintains a website through which it will advertise its products.

JURISDICTION & VENUE

10. The Court has personal jurisdiction over Defendant Paper Source by virtue of its business

dealings and transactions in California, and specifically transacting, doing and soliciting business in California through its physical stores, some of which are located in San Francisco, Berkeley, Contra Costa, and Marin counties.

11. The case arises under the Copyright Act 17 U.S.C. §101 et seq. and 17 U.S.C §1201 et seq.

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C §§1331 and 1338.

13. The Court has supplemental jurisdiction over Plaintiffs' claims arising under the laws of California pursuant to 28  U.S.C. § 1367(a) because these claims are so related to Plaintiffs' claims under Federal Law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

14. Venue is proper under 28 U.S.C. §1391(b) and 28 U.S.C. §1400(a).The true names and capacities of defendants sued as DOES 1 through 20 are unknown to Plaintiffs and Plaintiffs pray leave to amend to allege the true names and capacities when they are ascertained.  Plaintiffs are informed and believe, and thus allege, that at all relevant times each of these DOE Defendants were somehow responsible for the alleged acts and omissions stated herein.

## FACTUAL ALLEGATIONS RELATED TO ALL CLAIMS

15. Mrs. Leimbach is an experienced photographer.  Her photographs are posted on her blog which has a significant following. Mrs. Leimbach has had a photography business for over 10 years and is well known locally in the photography business.

16. On information and belief, at some time in 2016, and without the permission of Plaintiff, Paper Source had access to and intentionally copied Mrs. Leimbach's Photograph. Further, Paper Source intentionally and/or negligently copied, and publicly distributed and/or displayed the infringed Photograph by placing it on its server, enabling it to appear on its publicly accessible website http://www.papersource.com, and to be downloaded and copied by members of the public.  In addition, around the same time period, multiple Paper Source locations, including but not limited to stores in Contra Costa County in California; Florida; Arizona; and North Carolina used, distributed, displayed and sold the Photograph, as a placeholder photo in its picture frames, which were used to attract and market the picture frames to customers.  All of Paper Source's actions were taken without

prior request or permission of Mrs. Leimbach.

17. In using and displaying the Photograph, Defendants also used a version that cropped the Photograph and removed Copyright Management Information ("CMI")—Mrs. Leimbach's name—from the lower left corner of the image.

18. On or around January 13, 2016, Mrs. Leimbach discovered that Paper Source committed the foregoing acts, when she personally witnessed the Photograph being used at a Paper Source store located in Walnut Creek, California (in the county of Contra Costa).

## FIRST CAUSE OF ACTION

## (MISAPPROPRIATION OF LIKENESS – Common Law and Cal. Civ. Code §3344)

### H.L., by and through her Guardian ad Litem, Against All Defendants

19. Plaintiffs hereby incorporate by reference each of the allegations in each of the preceding paragraphs as though fully set forth therein.

20. At all times herein mentioned H.L. was the subject of the Photograph, which Defendants improperly reproduced, distributed and publicly displayed in its store and online.

21. Defendants used an image of a minor, without consent from a parent or legal guardian by displaying the image of H.L. for commercial gain without authorization.

22. Defendants acted in conscious disregard of the rights of the H.L. Defendants' conduct as alleged has damaged and will continue to damage H.L.'s ability to determine the proper use of the Photograph.

23. The acts and omissions of Defendants constitute a knowing misappropriation without consent, pursuant to the common law of California.

24. The acts and omissions of Defendants constitute a misappropriation of the right of publicity in the form of the unauthorized commercial use of a photograph in violation of California Civil Code § 3344.

25. As a direct and proximate cause of Defendants conduct, as alleged herein, H.L. suffered harm, including injury to her peace, happiness and feelings.

26. H.L. is entitled to damages, according to proof at trial, as well as any profits from the unauthorized use attributable to the use.

27. By and through the conduct of Defendants' acts and omissions as alleged above, Defendants, and each of them, are guilty of recklessness, fraud and/or deceit. The

specific facts set forth above (and incorporated by reference) show a disregard for the exclusive work of H.L. In addition to damages, H.L. is entitled to an award of her reasonable attorney's fees and costs incurred in prosecuting this case against Defendants, and each of them, pursuant to the California Civil Code §3344.

28. The aforementioned acts of Defendants were willful, oppressive, fraudulent and malicious and therefore, Defendants' conduct justifies an award of exemplary or punitive damages in an amount sufficient to punish Defendants and to make examples of them to others as provided for in Cal. Civ. Code § 3344(a).

WHEREFORE, H.L., by and through her Guardian ad Litem prays for judgment as set forth below.

## SECOND CAUSE OF ACTION
### (COPYRIGHT INFRINGEMENT – 17 U.S.C. §101 et seq.)
### By Plaintiff Against All Defendants

29. Plaintiff hereby incorporates by reference each of the allegations in each of the preceding paragraphs as though fully set forth therein.

30. Plaintiff has been the true owner and producer of the Photograph, and either holds a copyright registration certificate from the United States Copyright Office, or has applied for a registration certificate.

31. Without authorization, Defendants reproduced, displayed, modified, and distributed the Photograph belonging to the Plaintiff in order to promote and advertise Defendants' business.

32. Plaintiff did not authorize Defendants' reproduction, distribution, modification, or display of the photograph, therefore Defendants infringed the copyright of Plaintiff's creative works.

33. Defendants knew, or should have known, the infringed works were not authorized for use by Plaintiff.

34. Defendants knew, or should have known, their acts constituted copyright infringement.

35. As a result of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. §101 et seq.

36. As a result of the conduct of the Defendants described herein, Plaintiff sustained

damages, according to proof at trial.

WHEREFORE, Plaintiffs pray for judgment as fully set forth below.

### THIRD CAUSE OF ACTION

### (VIOLATION OF DIGITAL MILLENNIUM COPYRIGHT ACT–17 U.S.C.§1201 et seq.)

### By Plaintiff Against All Defendants

37. Plaintiff hereby incorporates by reference each of the allegations in each of the preceding paragraphs as though fully set forth therein.

38. Defendants' acts and omissions alleged above (and incorporated by reference) constitute a violation of the Digital Millennium Copyright Act ("DMCA"), including but not limited to, repeatedly removing Mrs. Leimbach's name from the image and distributing it with removed and/or false CMI in a great variety of ways and places.

39. Defendants knowingly and with intent, induced, enabled and facilitated infringement of Plaintiff's work.

40. Defendants acted knowingly and with intent within the meaning contained in 17 U.S. Code §1202.

41. As a result of their wrongful conduct, Defendants are liable to Plaintiff for infringement under the Digital Millennium Copyright Act 17 U.S. Code §1202(a).

42. As a direct and proximate cause of Defendants' violation of Plaintiff's exclusive rights, Plaintiff sustained damages to be proven at time of trial.

43. Based on the aforementioned acts of Defendants Plaintiff is entitled to actual damages according to proof or statutory damages, as well as attorneys' fees, under the DMCA.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

### PRAYER

Wherefore, Plaintiffs pray for judgment against Defendants, and each of them, jointly and severally, as follows:

1. Ordering an accounting of all revenue received by Paper Source as a result of its unlawful conduct.

2. Awarding H.L. general and special damages according to proof.

3. Awarding Plaintiff Rebecca Leimbach: 1) Defendants' profits realized as a result of the copyright infringement, or in the Court's discretion, such sum as the Court finds to be just; 2) damages sustained by Plaintiff; 3) reasonable attorney's fees pursuant to the DMCA; and 4) statutory fines for violation of the DMCA.

4. For exemplary and punitive damages according to proof at trial;

5. For costs of suit; and,

6. For such other and further relief as the Court may deem just and proper.

Dated: December 27, 2016                    DUNN & PANAGOTACOS LLP


By:_____/s/_____
    Ryan T. Dunn, Esq.
    Matthew R. Cody, Esq.
    Attorneys for Plaintiffs
    REBECCA LEIMBACH, an individual, and
    H.L., a minor by and through her guardian
    ad litem REBECCA LEIMBACH


## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all claims for which there is a right to jury trial.


Dated: December 27, 2016                    DUNN & PANAGOTACOS LLP


By:_____/s/_____
    Ryan T. Dunn, Esq.
    Matthew R. Cody, Esq.
    Attorneys for Plaintiffs
    REBECCA LEIMBACH, an individual, and
    H.L., a minor by and through her guardian
    ad litem REBECCA LEIMBACH